UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALAN GLENN FRIEDBERG,     Case No. 1:15-mc-0011
    Plaintiff,     Barrett, J.
                                                            Litkovitz, M.J.

vs.

MADISON REALTY INVESTMENTS, INC.,     **ORDER**
    Defendant.

    Movant/non-party Michael A. Galasso filed a motion to quash subpoena duces tecum pursuant to Fed. R. Civ. P. 45(d) on July 8, 2015. (Doc. 1). The subpoena duces tecum was issued to movant in his capacity as litigation counsel for Madison Realty Investments, Inc. (Madison Realty). (*Id*. at 1; Doc. 1-6). The subpoena was issued on June 24, 2015, by Alan Glenn Friedberg, the debtor-in-possession in a Chapter 11 proceeding pending in the United States Bankruptcy Court for the District of New Jersey (Case No. 15-15934-TBA) and the plaintiff in an adversary proceeding initiated in connection with the lead case (*Allan Glenn Friedberg v. Madison Realty Investments, Inc., et al.*, Case No. 15-01944-TBA). (*Id*. at 2; Docs. 1-5, 1-6). The subpoena commanded movant to appear in New Jersey on July 9, 2015, to testify at a deposition in the bankruptcy case or adversary proceeding and to bring copies of retainer agreements between movant and Madison Realty and/or a named third party. (Doc. 1-6).

    Plaintiff Friedberg failed to respond to the motion to quash within the time allotted under the Court's rules, *see* S.D. Ohio Civ. R. 7.2(2), and he has not filed a response to date. The motion to quash is well-taken. Pursuant to Fed. R. Civ. P. 45(c)(2)(A), a subpoena may not require compliance at a place more than 100 miles from where the individual resides, is employed, or regularly transacts business in person. The Court takes judicial notice that Cincinnati, Ohio is more than 100 straight line miles from New Jersey. *See Starr v. J. Hacker Co.*, 688 F.2d 78, 81 (8th Cir. 1982) (citations omitted). The Court further finds that movant

does not reside, is not employed, and does not regularly transact business in New Jersey. (*See* Doc. 3, Declaration of Michael A. Galasso). Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(ii), on timely motion, the Court "must" quash a subpoena requiring compliance beyond the geographical limits specified in Rule 45(c).

Accordingly, movant/non-party Michael A. Galasso's motion to quash subpoena duces tecum (Doc. 1) is **GRANTED**. The subpoena duces tecum issued to him on June 24, 2015 by plaintiff Friedberg is quashed.

**IT IS SO ORDERED**.

Date: 9/1/15

Karen L. Litkovitz
United States Magistrate Judge